UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDY'S HUNTING & SPORT
CENTER, INC.,

       Petitioner,

v.                                                   Case Number 08-12635-BC
                                                     Honorable Thomas L. Ludington

CURTIS GILBERT, Director of Industry
Operations, Bureau of Alcohol, Tobacco,
Firearms and Explosives, Detroit Field
Division,

       Respondent.
_____/

**ORDER GRANTING RESPONDENT'S MOTION TO LIMIT DISCOVERY AND
CANCELLING HEARING**

       Petitioner appeals Respondent's revocation of his federal firearms license under the Gun Control Act of 1968 ("GCA"), 18 U.S.C. §§ 921-928. Now before the Court is Respondent's motion to limit discovery [Dkt. # 14], filed October 27, 2008. Petitioner filed a response on November 3, 2008 [Dkt. # 15]. The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

I

       On June 20, 2008, Petitioner Randy's Hunting & Sport Center filed a petition for judicial review, under § 923(f)(3) of the GCA, of the revocation of its license as a dealer in firearms other than destructive devices. Petitioner is a retailer of, inter alia, firearms, located in Bad Axe,

1

Michigan. Petitioner initially received a license from ATF in 1988. Respondent Curtis W. Gilbert is the Director of Industry Operations, Detroit Field Division, Bureau of Alcohol, Tobacco, Firearm and Explosives ("ATF").

On May 23, 2007, Respondent sent Petitioner a notice of revocation of its federal firearms license, pursuant to § 923(e) of the GCA, based on violations of the GCA and related regulations discovered during an inspection conducted in October and November, 2006. On June 8, 2007, Petitioner requested a hearing pursuant to § 923(f)(2) of the GCA. On or about November 28, 2007, a hearing took place, and on or about May 1, 2008, Respondent sent Petitioner a final notice of denial of application or revocation of firearms license, effective May 1, 2008. At Petitioner's request, and pursuant to 27 C.F.R. § 478.78, Respondent has postponed the effective date to ten days after the Court issues a final order resolving the petition for review.

The final notice of revocation indicated that Petitioner had willfully violated § 923(g)(1)(A)[1] of the GCA and 27 C.F.R. §§ 478.21(a) and 478.124(c), by incorrectly completing, not fully completing, or without requiring the transferee to fully or correctly complete ATF Form 4473 on seventy-two occasions. According to the petition for judicial review, between May 13, 2006, and October 23, 2006, Petitioner transferred a total of 1,955 firearms, utilizing 1,293 Form 4473s. Petitioner emphasizes that, based on the number of lines on each Form 4473, its error rate is .0022%.[2] Petitioner asserts that the mistakes were inadvertent.

The final notice also indicated that Petitioner willfully violated § 922(d)(9) of the GCA and

---

[1] The final notice mistakenly cited 18 U.S.C. § 922(g)(1)(A), which does not exist, however, Respondent indicated in his answer to the petition that the initial notice cited the correct section.

[2] The final notice indicated that Petitioner had 194 line errors and each Form 4473 has approximately sixty-eight lines to be completed.

27 C.F.R. § 478.99(c)(9) by transferring a firearm to Michael Patrick Wakley, who had been convicted in 2002 for domestic violence against his wife. Wakley answered "yes" to the question on Form 4473 inquiring whether he had ever been convicted of a misdemeanor crime of domestic violence. A.R. 271. Petitioner contends that the information contained on that Form 4473 was the result of an inadvertent record-keeping error.

The final notice also indicated that Petitioner violated § 922(t)(1) of the GCA and 27 C.F.R. § 478.102(a) by transferring a firearm to Angela Sue Klein. Petitioner did not perform the required background check on Klein, but Petitioner alleges that the oversight was "facilitated by the unique circumstances associated with the transfer of a firearm to this extraordinary wheelchair bound woman during a moving and highly emotional event." Additionally, the final notice indicated that Petitioner transferred a firearm to Dennis Ray Brown without conducting the required background check. Petitioner alleges that it believed that Brown was exempt from the background check because he had a valid Michigan concealed pistol permit.

The final notice also indicated that Petitioner had knowingly failed to enter required information into a bound book record pertaining to its disposition of certain firearms on fourteen occasions between October 1, 2005, and October 23, 2006, in violation of § 923(g)(1)(A) of the GCA and 27 C.F.R. § 178.125(e). Petitioner indicates that there were a total of 5,651 entries in the bound record book during the relevant time period, and that it had properly entered the acquisition portion of the record, but inadvertently did not enter the information in the disposition portion. Additionally, the final notice indicated that Petitioner had knowingly failed to enter required information in the bound book record pertaining to its acquisition of a Remington twelve gauge, serial number D547904A. Petitioner indicates that there was a double entry in the bound record

3

book after the firearm was repaired and returned to Petitioner from the manufacturer.

Finally, the final notice indicated that Petitioner had sold and delivered two handguns to James Eddie Smith, an unlicensed person, and willfully failed to prepare and submit Form 3310.4, a required report of multiple sale or other disposition of pistols and revolvers under § 923(g)(3)(A) of the GCA and 27 C.F.R. § 178.126(a). Petitioner indicates that in the relevant period, Petitioner had complied with the law regarding multiple sales on ninety-two of ninety-three occasions.

In addition to citing violations of the GCA and related regulations, the final notice described seven prior inspections, conducted between 1992 and 2003, which revealed that Petitioner was not in compliance with the requirements of the GCA. On most, if not all, of these occasions, Petitioner was issued a formal report describing the violations, and given instructions regarding the corrective action to be taken to bring it into compliance. On three occasions, Petitioner was afforded the opportunity to attend conferences to discuss the violations, in order to avoid revocation of its license. Petitioner was warned at least once that similar violations committed in the future could result in the revocation of its license.

Based on Petitioner's prior violations and warnings concerning those violations, the final notice indicated that Petitioner was familiar with the record keeping and conduct of business requirements that are imposed on it as a licensee, and thus, concluded that the violations of the GCA and applicable regulations discovered as a result of the October and November 2006 inspection were willful.

II

Section 923(f)(3) of the GCA provides for "de novo judicial review" of Respondent's revocation of Petitioner's federal firearm license. In conducting this review, the Court's task is to

4

determine whether "the Attorney General was . . . authorized to deny the application" under the standards governing federal firearms licensing. 18 U.S.C. § 823(f)(3). Yet, because the statute is permissive, stating only that the Court "may" consider additional evidence, a "trial de novo" is not required in every case, and the district courts instead have "the discretion to receive additional evidence to be considered along with that in the administrative record when some good reason to do so either appears in the administrative record or is presented by the party petitioning for judicial review." *Morgan v. U.S. Dep't of Justice, ATF*, 473 F. Supp. 2d 756, 761-62 (E.D. Mich. 2007) (quoting *Stein's Inc. v. Blumenthal*, 649 F.2d 463, 466 (7th Cir. 1980)).

Respondent contends that the Court should not allow discovery in this case because resolution of the case does not depend on facts outside of the administrative record. Respondent emphasizes that "a single willful violation of the GCA, or of its rules and regulations, suffices to revoke a firearms license." *Armalite, Inc. v. Lambert*, 544 F.3d 644, 647 (6th Cir. 2008) (citing *Appalachian Resources Dev. Corp. v. McCabe*, 387 F.3d 461, 464 (6th Cir. 2004)). In the petition for review, Petitioner does not dispute the underlying facts that make up the violations of the GCA and relevant regulations. Rather, Petitioner disputes whether his violations of the regulations were "willful."

In *Armalite*, the Sixth Circuit found that a willful violation occurs when "with knowledge of what the law requires, [a dealer] intentionally or knowingly violates the GCA's requirements or acts with plain indifference to them (i.e. recklessly violates them)." *Id.* The court further held that "[a]t some point, repeated negligence becomes recklessness." *Id.* at 650. Accordingly, the court found that ATF was authorized to revoke Armalite's license when Armalite committed several violations of the GCA, ATF previously alerted Armalite to its obligations under the GCA, Armalite

5

acknowledged its understanding of the obligations, testimony confirmed Armalite's familiarity with the requirements, ATF had previously issued a report of violations setting forth specific violations and forwarded the report to Armalite including instructions for corrective action, ATF agents told Armalite to take steps to ensure future compliance and that it would conduct a follow-up inspection in the future. *Id.* at 649.

Based on the above, Petitioner has not shown that discovery will lead to relevant and material evidence. The Court has discretion to deny discovery "when the discovery requested would be irrelevant to the underlying issues to be decided." *Green v. Nevers*, 196 F.3d 627, 632 (6th Cir. 1999). While Petitioner indicates that "relevant" discovery would include ATF's records "regarding its record keeping and its policies and procedures and records in regard to lost firearms and how ATF complies with its own rules and regulations in regard to record keeping and lost firearms as suggested in a recent Department of Justice audit report dated 2008," Petitioner does not explain how such discovery is material to whether its violations were willful, or identify any other disputed issue that would be clarified through such discovery.

Accordingly, it is **ORDERED** that Respondent's motion to limit discovery [Dkt. # 14] is **GRANTED**.

It is further **ORDERED** that the hearing scheduled for December 4, 2008, is **CANCELLED**.

                                                     s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge

Dated: December 2, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 2, 2008.

        s/Tracy A. Jacobs
        TRACY A. JACOBS